### CITY OF PORTLAND *versus* ROLFE.

§ 5, c. 211, of Acts of 1851, makes it the duty of the Mayor and Aldermen of a city to commence suits in behalf of the city against any persons guilty of violating any of the provisions of that Act, "on being informed of the same, and being furnished with proof of the fact."

*Such facts,* as authorized the commencement of the suit, are not required to be proved to the Court, before the suit can be prosecuted in the name of the city.

On a preliminary question to the Court, whether the action is rightfully prosecuted in the name of the city, the admission of illegal testimony furnishes no ground of exception, if there was sufficient legal proof to require the decision given.

ON EXCEPTIONS from the *former District Court,* EMERY, J.

DEBT, to recover one hundred dollars from the defendant, as a common seller, under c. 211, § 5, of the Acts of 1851.

At the term this action was entered, the appearance of plaintiffs' attorney was called for, and his authority, to bring the action in the name of plaintiffs, denied.

It was shown that the suit was commenced by direction of the Mayor, and approved by W. W. Thomas, one of the Aldermen.

Stephen Frothingham, called by the plaintiffs, testified that

he was acting as Alderman for the city and was present at a meeting of the Mayor and Aldermen, shortly after this law for the suppression of tippling shops went into operation, when the subject was talked over in the board. No vote was taken, but it was understood that the Mayor might take charge of all matters arising under the Act, and institute suits and prosecutions at his discretion, without consulting the board.

The plaintiffs' counsel also read a copy of the record of a vote of the Mayor and Aldermen, of March 22, 1852, which was after the commencement of this suit, approving of its commencement and directing the city Solicitor to appear and prosecute the same.

The evidence was objected to by the defendant, and the presiding Judge ruled, that the appearance and authority of plaintiffs' counsel was sufficiently proved and established.

A verdict was returned for plaintiffs, and the defendant excepted to the rulings.

*Shepley & Dana*, for defendant.

The suit was brought without authority, and not in conformity with the statute. It purports to proceed under the 5th § of the tippling Act of 1851.

But supposing the suit might be commenced, without examination by the city or town here was no statute commencement. Their action should have been a precedent action in this case. The fact that the Aldermen informally, and without a vote, told the Mayor he might execute the law as he saw fit, was no such action on the part of the city.

The Mayor, in directing the commencement of this suit, acted for himself alone. The city acted no more by him, than the town of Brighton did by Gibbs, in the case, 23 Maine, 420.

The suit having been brought without authority, it cannot be helped by any *ex post facto* recognition in approval on the part of the city.

The right of adoption of a *contract*, made for a principal by an agent, is a very different thing from the approval of a

bare act which would create a liability in a third party and subject him to damage.    Vide Smith's Merc. Law. 138, 139.

It will be seen, that defendant denied from the first that the suit was properly commenced. It is no more proper for the city now to legalize the doings of an agent, and make out their case by proceedings subsequent, than for any other plaintiff to support his cause by title acquired after the commencement of his suit.

S. Fessenden, City Solicitor, submitted the case without argument.

SHEPLEY, C. J.—The exceptions have reference only to the authority to prosecute the suit in the name of the city. That was a preliminary question to be decided by the Court.

The testimony of Stephen Frothingham, stating a conversation in a meeting of the Mayor and Aldermen, was illegally received. "It was shown, that the writ was made by direction of the Mayor;" and while the suit was pending, it was, by a vote in a regular meeting of the Mayor and Aldermen, approved. It was made their duty, by the fifth section of the Act approved June 2, 1851, c. 211, to commence suits in behalf of the city, against any persons guilty of a violation of any of the provisions of that Act, " on being informed of the same and being furnished with proof of the fact." The purpose of this clause is to declare under what circumstances, that duty should be imposed upon them. It was not necessary that such a state of facts as would require them to commence the suit, should be proved to the Court before the suit could be prosecuted in the name of the city. There having been sufficient legal testimony presented to the Court to require it to decide, that the suit was legally authorized to be prosecuted, the decision was correct, and the defendant could not have been aggrieved by the reception of illegal testimony to prove to the Court, on a preliminary question, the same facts proved by legal testimony.

                                        Exceptions overruled.

HOWARD, RICE, HATHAWAY and CUTTING, J. J., concurred.